**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3593-18

A.M.M.,

     Plaintiff-Appellant,

v.

ATTORNEY GENERAL,
CINDI COLLINS and
DR. NICOLE PAOLILLO,

     Defendants-Respondents.

_____

Submitted January 4, 2021 – Decided April 15, 2021

Before Judges Suter and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2779-16.

A.M.M., appellant pro se.

Respondents have not filed briefs.

PER CURIAM

Plaintiff A.M.M.[1] appeals the November 30, 2018 order[2] that denied his motion to enter a default judgment against defendants, Attorney General, Cindi Collins and Dr. Nicole Paolillo (the State defendants). We affirm the order.

On April 12, 2016, plaintiff filed a complaint in the Law Division against the State defendants, alleging his civil commitment under the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38, and transfer to the Special Treatment Unit (STU), violated N.J.S.A. 30:4-27.30(b) and was inconsistent with In re Civil Commitment of A.H.B., 386 N.J. Super. 16 (App. Div. 2006). Plaintiff argued defendant Dr. Nicole Paolillo issued a confidential forensic report about plaintiff that was utilized at his commitment hearing in 2014. He asserts Dr. Paolillo was not qualified to issue the report.

Plaintiff served the complaint against the State defendants in April of 2016. A track assignment notice was issued on April 20, 2016, providing a 450-day period for discovery. The State defendants did not file an answer to the

---

[1] We use initials because our opinion references court records that are confidential. See R. 1:38-3(b)(11).

[2] Plaintiff's notice of appeal was filed March 6, 2019. On June 21, 2019, we granted plaintiff's motion to file his notice of appeal as within time. We also granted his motion to proceed as indigent.

complaint, although they filed a motion requesting time to answer or to otherwise plead which was granted. Plaintiff did not request the entry of default.

On August 15, 2016, the State defendants filed a motion to dismiss the complaint with prejudice. On October 3, 2016, plaintiff's complaint and any crossclaims against the State defendants were dismissed with prejudice. The October 3, 2016 order indicates the motion was opposed. Plaintiff did not appeal that order.

More than two years later, on October 29, 2018, plaintiff filed a Declaration for Entry of Default against the State defendants seeking entry of a default judgment because the State defendants had not filed an answer to the 2016 complaint. Plaintiff's motion was denied on November 30, 2018, however, because plaintiff's complaint had been dismissed on October 3, 2016, with prejudice.

Plaintiff appeals the November 30, 2018 order.[3] On appeal, plaintiff raises the following arguments:

> POINT I
>
> THE DEFENDANTS' VIOLATIONS OF THE ADMINISTRATIVE OFFICE OF THE COURTS MANDATES IN THE CASE A.H.B., COURT PER N.J.S.A. 30:4-27.30b. THE DEFENDANTS DID NOT

---

[3] We granted plaintiff's motion to file his notice of appeal as within time.

 A-3593-18

RESPOND TO THE PLAINTIFF'S COMPLAINT AND SUMMONS WITHIN THE PERIOD ALLOWED

POINT II

DEFENDANT PAOLILLO WAS PROVIDING EXPERT MEDICAL TESTIMONY AT THE PLAINTIFF'S SEXUALLY VIOLENT PREDATOR HEARING AND THE DEFENDANT CINDI COLLINS MALICIOUSLY PURSUED THE COMMITMENT HEARING BASED UPON DEFENDANT PAOLILLO'S UNQUALIFIED EXPERT TESTIMONIES TO SUPPORT THE NEED FOR THE PLAINTIFF COMMITMENT WITHOUT HER BEING A PSYCHIATRIST AND WITHOUT MEETING ALL THE REQUIREMENTS OF THE ADMINISTRATIVE OFFICE OF THE COURTS MANDATES COURT PER N.J.S.A. 30:4-27.30b.

POINT III

THE DEFENDANTS WERE INFORMED THAT IF THEY FAIL TO ANSWER TO THE PLAINTIFF'S ALLEGATIONS BASED ON THE DEFENDANTS' VIOLATIONS OF THE ADMINISTRATIVE OFFICE OF THE COURTS MANDATES IN THE CASE A.H.B. UNDER N.J.S.A. 30:4-27.30b WITHIN THE ALLOWED PERIOD, A JUDGMENT MAY BE ENTERED AGAINST THEM FOR THE RELIEF DEMANDED.

POINT IV

THE DEFENDANTS HAVE FAILED TO RESPONDED [sic] TO THE PLAINTIFF'S ALLEGATIONS BASED ON THE DEFENDANTS' VIOLATIONS OF THE ADMINISTRATIVE OFFICE OF THE COURTS MANDATES AND IN THE CASE

4

OF A.H.B. 386 N.J. SUPER. 16 (2006), QUOTED N.J.S.A. 30:4-27.30b, WITHIN THE INITIAL 35 DAYS, WITHIN THE INITIAL 60 DAYS, WITHIN THE INITIAL 90 DAYS, AND/OR WITHIN THE INITIAL 450 DAYS OF DISCOVERY ASSIGNED BY THE COURT.

Plaintiff argues the State defendants failed to respond to his complaint within the time allowed, and they were advised that if they did not respond, a judgment may be entered against them. Plaintiff requests a judgment of $500 per day for each day he has been in the STU, and an additional five million dollars in compensation. He argues Dr. Paolillo was not qualified to diagnose him with various mental disorders or to give an opinion about whether he is a sexually violent predator because she is not a psychiatrist.

Plaintiff's complaint filed against the State defendants in 2016 raised precisely the same arguments plaintiff raises in this appeal. His complaint was dismissed on October 3, 2016, with prejudice. The October 3, 2016 order provided that the motion was opposed. Plaintiff had forty-five days from October 3, 2016, to appeal the dismissal order. See R. 2:4-1(a). "An appeal from a final judgment must be filed with the Appellate Division within forty-five days of its entry . . . ." Lombardi v. Masso, 207 N.J. 517, 540 (2011). Plaintiff did not appeal the order of dismissal. He is well out of time to do so.

A-3593-18

On October 29, 2018, plaintiff filed a motion seeking to enter a default judgment against the State defendants in the litigation that was dismissed with prejudice two years earlier. The trial court denied the motion. The record supports entry of that order. There no longer was any complaint against which to enter a default judgment because it was dismissed. Plaintiff never appealed the earlier dismissal order. He never filed to vacate the order. Plaintiff complains that the State defendants did not file an answer to the complaint within the additional time they had requested. However, they filed a motion to dismiss the complaint under Rule 4:6-2(e), which was granted. That procedure is authorized by the Rules. See R. 4:6-2. Plaintiff cannot file a collateral action now to challenge an earlier order he did not appeal. See State v. Smith, 43 N.J. 67, 74 (1964) (explaining that a collateral proceeding is not a substitute for a direct appeal from a prior order that adjudicated the same claims in a prior collateral proceeding). Therefore, we affirm the November 30, 2018 order, denying plaintiff's request to enter a default judgment.

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3593-18